FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA LYNCH,<br><br>                Plaintiff,<br><br>      v.<br><br>ETHICON INC., ETHICON LLC, and<br>JOHNSON & JOHNSON,<br><br>                Defendants. | No.   2:20-cv-00217-SMJ<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Defendants' Motion for Summary Judgment, ECF No. 37. Having reviewed the briefing and the record in this matter, the Court is fully informed and grants the motion.

## BACKGROUND

Pamela Lynch alleges that she suffered severe complications from the implantation of Defendants' pelvic mesh product, the Gynecare Prolene Lot # CGB768, or Gynemesh PS ("Mesh Product"), during a surgery to treat her stress urinary incontinence and symptomatic rectocele. ECF No. 1 at 2; ECF No. 37-4 at 3. After implantation, she allegedly experienced urinary problems; dyspareunia; abdominal, pelvic, lower back, vaginal, and rectal pain; urinary tract and bladder

infections; urinary and fecal incontinence, and related emotional distress and diminished quality of life. ECF No. 37-4 at 4–5. She sued in the Southern District of West Virginia multi-district litigation ("the MDL"). ECF No. 1.

On May 21, 2019, Scott Bailey, M.D., drafted an expert report, opining Defendants' Mesh Product caused Lynch's injuries. *See* ECF No. 41-7. Lynch has presented other evidence, such as the expert opinion of Dionysios Veronikis, M.D. that generally addresses the alleged design defect. *See* ECF No. 41-9. Dr. Veronikis holds board certifications in female pelvic medicine and reconstructive surgery. *Id.* 41-9 at 2. His report discusses the defects of the Mesh Product, including its design, material and properties, and method of surgical placement, and their correlation to symptoms in patients. *See*, *e.g.*, *id.* at 4. Dr. Veronikis discusses an internal Ethicon email in which Ethicon states that "'[p]olypropylene creates an intense inflammatory response that results in rapid and dense incorporation into the surrounding tissue.'" *Id.* at 7.

On May 29, 2020 Judge Goodwin in the Southern District of West Virginia transferred Lynch's case to the Eastern District of Washington under 28 U.S.C. § 1404(a). ECF No. 53.

**LEGAL STANDARD**

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

1  a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the

2  outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477

3  U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence

4  is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

5      On a summary judgment, the Court must view the evidence in the light most

6  favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014)

7  (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court

8  must accept the nonmoving party's evidence as true and draw all reasonable

9  inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess

10  credibility or weigh evidence. *See id.* Nevertheless, the nonmoving party may not

11  rest upon the mere allegations or denials of its pleading but must instead set forth

12  specific facts, and point to substantial probative evidence, tending to support its

13  case and showing a genuine issue requires resolution by the finder of fact. *See*

14  *Anderson*, 477 U.S. at 248–49.

## DISCUSSION

### A.    The Court grants summary judgment as to Counts I–IV and VI–XV

17      Defendants moved for summary judgment on August 13, 2019. ECF No. 37.

18  In the intervening thirteen months, Lynch has had ample opportunity to seek leave

19  from this Court or the MDL court to voluntarily dismiss those claims. Lynch has

20  failed to do so. Lynch has also failed to raise any argument as to why these claims

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT – 3

1    should not be dismissed. This Court thus finds it appropriate to grant summary

2    judgment as to Counts I through IV and VI through XV.

3    **B.    The Court grants summary judgment as to Count V**

4        The parties agree that Washington State substantive law applies in this case.

5    ECF No. 38 at 7–8; ECF No. 42 at 5; *see also Martin v. Humbert Constr., Inc.*, 61

6    P.3d 1196, 1199 (Wash. App. 2003). Under Washington State law, the Washington

7    Products Liability Act (WPLA) preempts common law causes of action. *See Wash.*

8    *Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199, 1203 (Wash. 1989). This

9    Court construes Count V, strict liability for design defect, as stating a claim under

10   WPLA. *See* ECF No. 42 at 5. To prevail in a WPLA claim for design defect, a

11   plaintiff must show that (1) a manufacturer's product (2) not reasonably safe as

12   designed (3) caused harm to the Plaintiff. *See Pagnotta v. Beall Trailers of Oregon,*

13   *Inc.*, 991 P.2d 728, 732 (Wash. App. 2000); Wash. Rev. Code § 7.72.030(1).

14       **1.    Lynch has not established a genuine issue of material fact as to**
            **proximate cause**

15

16       To establish a prima facie case of strict liability for design defect under the

17   WPLA, a claimant must establish that the defect was the proximate cause of the

18   injury. Wash. Rev. Code § 7.72.030(1). "Expert testimony is required to establish

19   causation when," as here, "an injury involves obscure medical factors that would

20   require an ordinary lay person to speculate or conjecture in making a finding."

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT – 4

*Bruns v. PACCAR, Inc.*, 890 P.2d 469, 477 (Wash. App. 1995).

Lynch argues that several experts submitted reports that work in concert to establish proximate cause. ECF No. 42 at 6–7. Dr. Veronikis opined generally on the design defects he observed in the Mesh Products, as described above. ECF No. 41-9. And Lynch's case specific expert, Scott Bailey, M.D., opined that the Mesh Product caused Plaintiff's injuries. Using a differential diagnosis, Dr. Bailey ruled out other potential causes of Lynch's injuries. ECF No. 41-7. Yet Defendants argue this is not enough. Because Dr. Bailey did not attribute Lynch's injuries to the asserted *defects* in the Mesh Product, Defendants argue, Lynch has failed to establish a genuine issue of material fact as to proximate cause. Defendants also rightly assert that because Dr. Veronikis's expert report is unsworn, it is inadmissible for the purposes of summary judgment. *See* ECF No. 41-9; *see also Harris v. Extendicare Homes, Inc.*, 829 F.Supp.2d 1023, 1027 (W.D. Wash. 2011); *Shuffle Master, Inc. v. MP Games LLC*, 553 F. Supp.2d 1202, 1210–11 (D. Nev. 2008). Because the Court's disposition here turns on the deficiencies in Dr. Bailey's assertion of causation, Plaintiff fails to show that there is a genuine issue of material fact even if Dr. Veronikis's report were admissible.

"[T]he manufacturer is liable for harm proximately caused *by the design defect*." *Ruiz-Guzman v. Amvac Chem. Corp.*, 7 P.3d 795, 800 (Wash. 2000) (emphasis in original) (quoting *Falk v. Keene Corp.*, 782 P.2d 974, 978 (Wash.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 5

1989)). A plaintiff "must do more than 'merely suggest the possibility that proximate cause exists.'" *Paeschke v. General Motors LLC*, No. 4:16-cv-5050-LRS, 2017 WL 5632442 at *4 (E.D. Wash. Oct. 11, 2017) (quoting *Browne v. McDonnell Douglas Corp.*, 698 F.2d 370, 371 (9th Cir. 1982). Lynch's experts have not opined that a *design defect* in Defendants' Mesh Products caused *her* injuries. Dr. Veronikis has opined that the design defects in the Mesh Products *can* cause an "intense inflammatory response." And Dr. Bailey opined that an inflammatory response was responsible for Lynch's pain. But without an expert opinion asserting a causal link between the general *design defects* identified by Dr. Veronikis and Lynch's injuries, Lynch has not established a genuine issue of material fact.

Courts in other circuits have also adopted this reasoning in similar cases involving plaintiffs allegedly harmed by comparable mesh products. In *Abt v. Ethicon, Inc.*, No. 1:20-cv-0047 SRC, 2020 WL 4887022 at *3–*4 (E.D. Mo. Aug. 20, 2020), the court found that where the case specific expert did not connect plaintiff's injuries to a design defect in the TVT-O mesh product, or build off the general expert's report about the design defects, plaintiff had not established a genuine issue of material fact. And in *Lewis v. Johnson & Johnson*, 601 Fed. App'x 205, 211–212 (4th Cir. 2015), the Fourth Circuit upheld a directed verdict for defendants where plaintiff's experts did not establish "a causal link between these alleged defects . . . and [plaintiff's] injuries." In *Howard v. Ethicon, Inc.*, __

F.Supp.3d __, No. CV-20-01137-PHX-MTL, 2020 WL 3971719 at *2–3 (D. Ariz. July 14, 2020), the court declined defendants' *Daubert* motion to exclude the opinions of Dr. Bailey in another case on similar facts. Despite defendants' arguments, mirrored here, that Dr. Bailey did not opine on whether a *design defect* in the mesh product caused plaintiff's injuries, the court concluded that Dr. Bailey's testimony was relevant. *Id.* Yet that conclusion is consistent with the instant Order. Determining relevance for the purposes of a *Daubert* motion is a different inquiry from determining if there is a genuine issue of material fact for a summary judgment motion. Because Plaintiff has failed to establish that there is a genuine issue of material fact regarding causation, the Court must grant the Defendants' Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendants' Motion for Summary Judgment, **ECF No. 37**, is **GRANTED**.

2.  Counts I–XV of Lynch's Complaint, ECF No. 1, are **DISMISSED WITH PREJUDICE**.

3.  The Clerk's Office is **DIRECTED** to enter judgment in favor of Defendants Johnson & Johnson, Ethicon, Inc., and Ethicon LLC, and **CLOSE** this file.

//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 7

**4.**    Defendants' Motion to Exclude the Case-Specific Opinions of Scott
Bailey, M.D., **ECF No. 39**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and
provide copies to all counsel.

**DATED** this 24th day of September 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT – 8